■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. NESTOR AYIOTIS, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered December 13, 1963 on his plea of guilty, convicting him of robbery in the second degree and sentencing him to confinement in an institution under the jurisdiction of the Department of Correction of the State of New York for a term of not less than 5 years nor more than 15 years, and directing that he be committed to the Reception Center of the Department of Correction at Elmira for classification, program-planning and transfer, pursuant to article 3-A of the Correction Law. Judgment modified on the law and the facts by striking therefrom the provision for a term of not less than 5 years nor more than 15 years of imprisonment, and by substituting therefor a provision that defendant be confined for an indefinite term. As so modified, the judgment is affirmed. Defendant's sole contention on this appeal is that the sentence imposed was arbitrary and excessive. Defendant's plea of guilty to robbery in the second degree was made and accepted in satisfaction of two outstanding indictments, as consolidated (Indictment No. 978 of 1963 and Indictment No. 979 of 1963). In our opinion, the plea of guilty by this 19-year-old defendant to robbery in the second degree did not concede the truth of the allegations contained in Indictments Nos. 978 and 979, namely: that during the commission of the first degree robberies therein alleged defendant had used a gun (*People* v. *Griffin*, 7 N Y 2d 511; *People* v. *Conklin*, 8 N Y 2d 937; *People* v. *Hall*, 28 Misc 2d 769). It was error, therefore, for the court at the time of sentence to indicate to the defendant pleading guilty to second degree robbery that no youthful gun carrier could escape imprisonment, and to undertake to show of record that, as charged in the indictments, defendant actually was one who carried, possessed and used a weapon during the commission of first degree robbery. The court might have denied the defendant's application to withdraw his prior "not guilty" plea to the indictments and for leave to plead guilty to a lesser offense not charged therein; but the court could not accept such plea on the basis that it would punish defendant by imposing a jail term for carrying a weapon and thereupon proceed to do so, since that element comprised no part of robbery in the second degree — the only offense to which defendant had pleaded guilty (*People* v. *Mousaw*, 281 App. Div. 948). Under the circumstances, it seems palpable that the 5-year minimum and 15-year maximum periods of confinement contained in the judgment constituted the mandatory jail imprisonment which the court felt should serve as defendant's punishment for carrying a weapon. Since defendant was not punishable for that offense, such mandatory jail imprisonment is stricken from the judgment. Upon consent, the probation report on defendant which was before the trial court at the time of sentence has been placed before this court. From such report we conclude that defendant was a first offender, a bad youngster of good background, with the potential of reformation, to whom normally there would be extended the judicial expectancy that he was capable of rehabilitation, and to whom would be meted out a suspended sentence under probation, as the usual and proper punishment (cf. *Williams* v. *New York*, 337 U. S. 241, 248; *People* v. *Silver*, 10 A D 2d 274, 277). In view of the fact that defendant has been in jail from August 12, 1963, when he was apprehended, to the date hereof, we have concluded that he may be best treated as one being confined "for an indefinite term" (Penal Law, § 2184-a), eligible for discharge at any time the board of parole finds him

fit to return to society (Correction Law, § 61, subd. 2; 1946 Atty. Gen., 207; *People* v. *Tower*, 308 N. Y. 123, 125). Brennan, Hill, Rabin and Hopkins, JJ., concur; Beldock, P. J., dissents and votes to affirm the judgment, with the following memorandum: On September 18, 1963 defendant and one accomplice were indicted for robbery in the first degree (and related crimes) committed August 9, 1963. On October 3, 1963 defendant and a different accomplice were indicted for robbery in the first degree (and related crimes) committed August 2, 1963. Defendant pleaded guilty to second degree robbery to cover both indictments. The sentence of 5 to 15 years imposed by the trial court was concededly legal. Although defendant was armed with a starter's pistol on both occasions, defendant was not given an additional sentence for being armed in view of the fact that he pleaded guilty to second degree robbery, which does not include the element of being armed with a dangerous weapon. However, the fact that defendant was armed could be considered by the trial court in the exercise of its discretion in imposing sentence on this guilty plea.