Per Curiam.

The record adequately supports the judgment convicting defendant of manslaughter in the first degree (Penal Law, § 1050, subd. 2). Before defendant was arrested or subjected to any restraint by police, he made admissions and exhibited physical circumstances in his apartment which tended to connect him with the crime.
At this stage of the investigation, the police were asking residents generally in the house in which the victim’s body was found their knowledge of facts which might throw some light on the crime.
Decisions which limit admissibility of statements taken after an arrest or effective detention do not apply to the results of this kind of preliminary inquiry.
After defendant was arrested he requested the right to see a lawyer but this request was not promptly followed by the police and before a lawyer reached him, a statement was taken from defendant by an assistant district attorney.
This statement was not offered by the People as part of their direct ease against defendant, but was offered on the issue of his credibility after he had been sworn and testified in his own defense.
Although the statement would not have been admissible as part of the People’s direct case (Escobedo v. Illinois, 378 U. S. 478; People v. Donovan, 13 N Y 2d 148), it was admissible on the *323 question of defendant’s credibility as a witness (Walder v. United States, 347 U. S. 62; Tate v. United States, 283 F. 2d 377; Bailey v. United States, 328 F. 2d 542; United States v. Curry, 358 F. 2d 904).
The basis of distinction between the admissibility of wrongfully obtained evidence in the direct case of the prosecution and its use on the credibility of the defendant as a witness is demonstrated in the opinion of Mr. Justice Frankfurter in Walder (supra, pp. 64, 65). The prosecution cannot “use the fruits of such unlawful conduct to secure a conviction ” but “ [i]t is quite another [thing] to say that the defendant can turn the illegal method by which evidence in the G-overnment’s possession was obtained to his own advantage, and provide himself with a shield against contradiction of his untruths. Such an extension of the Weeks doctrine [Weeks v. United States, 232 U. S. 383] would be a perversion of the Fourth Amendment. ”
The judgment should be affirmed.