Memorandum. Order of the Appellate Division affirmed.
The identity, description and address of the civilian who was with the undercover police officer when defendant first sold the narcotics was disclosed before trial in the People’s bill of particulars. The civilian was not a confidential or co-operating informant but was himself a police suspect. Thus, the People were under no obligation to produce him at trial.
Defendant’s remarks made in the course of the criminal transaction were not historical narrative; they were instead *978 part of the corpus delicti. Hence, they need not have been disclosed in the bill of particulars (CPL 200.90, subd 3).
Since no order of mistrial had been entered and the jury had not been discharged, the trial court’s purported declaration of a mistrial obviously was a statement of intention rather than a completed act, despite its declarative form. It was rescinded almost immediately. Hence, there is no basis for the assertion of double jeopardy.
Defendant was not entitled to preinterrogation warnings before being asked pedigree information in an interview in connection with his possible release on his own recognizance (cf. People v Rivera, 26 NY2d 304, 309). In any event, even if the taking of the information without first having given the warnings violated defendant’s constitutional rights, its use to impeach defendant’s credibility on cross-examination was permissible (People v Harris, 25 NY2d 175, 177, affd 401 US 222; People v Kulis, 18 NY2d 318, 323).
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order affirmed in a memorandum.