■ The People of the State of New York, Respondent, v Richard Hardy, Appellant. — Appeal from a judgment of the County Court of Clinton County (Feinberg, J.), rendered December 4, 1981 upon a verdict convicting defendant of eight counts of the crime of criminal possession of a forged instrument in the second degree. Defendant was charged with the possession of eight checks stolen from the prison's business office where he was assigned for duties as a porter. The checks had been placed through a check writing machine with the signatures of the payor thereon alleged to be a forgery. The checks were found in a tape deck in defendant's cell. He was tried before the court, without a jury, and found guilty on eight counts, four other counts having been dismissed by the court. On this appeal, defendant asserts numerous violations of constitutional and statutory rights which, essentially, consist of four separate issues; namely, that the indictment obtained violated CPL 190.50 (subd 5, par [a]) and 210.35 (subd 4); that the evidence before the Grand Jury was insufficient to support an indictment; that he was deprived of effective assistance of counsel; and that he was deprived of a fair trial by the testimony of two rebuttal witnesses called by the prosecution. These contentions must be rejected. There is no showing that defendant ever requested that he be permitted to appear before the Grand Jury, nor does the record demonstrate any other violation of CPL 190.50. An examination by this court of the minutes of the Grand Jury establishes more than sufficient evidence to sustain an indictment. Defendant was represented by competent, experienced counsel. The record, however, reveals that counsel was compelled to conduct the defense as directed by defendant himself. In particular, over the strenuous objection of counsel, defendant insisted upon waiving his right to a jury trial and testifying in his own behalf. Accordingly, if tactical errors were made, it was at defendant's insistence, and any fault is attributed to defendant alone. Finally, the rebuttal witnesses were called as a result of defendant's testifying in his own behalf and, thus, their testimony was properly received in evidence (*People v Kulis*, 18 NY2d 318). Judgment affirmed. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.