THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
ROBERT C. JACOBS, Appellant.

Third Department, August 24, 1989

### APPEARANCES OF COUNSEL

*O'Connell & Aronowitz (Stephen R. Coffey* and *Brian D. Premo* of counsel), for appellant.

*Sol Greenberg, District Attorney (Michael J. Connolly* of counsel), for respondent.

### OPINION OF THE COURT

LEVINE, J.

This court affirmed defendant's conviction of sexual abuse in the first degree for engaging in sexual contact with the then three-year-old daughter of a girlfriend (148 AD2d 811). Defendant moved for reargument contending that this court's refusal to decide the issue of the propriety of County Court's charge to the jury concerning the voluntariness of his confession was based on inaccurate facts outside the record on appeal and was made without affording defendant an opportunity to brief or argue the issue. We granted reargument limited to the questions of our authority to take judicial notice of defendant's subsequent guilty plea and perjury conviction concerning his testimony at the trial in the instant case and whether that plea and conviction overcame any error committed by County Court in its instructions on defendant's confession.

 Contrary to defendant's position on reargument, the perjury plea and sentencing minutes constitute the kind of public record evidence that may be judicially noticed to establish the "adjudicative facts" of his perjury conviction *(see,* 5 Weinstein-Korn-Miller, NY Civ Prac ¶ 4511.01; *see also, Matter of City of New York [Newport Ave.],* 218 NY 274, 279; *Stemmler v Mayor of City of New York,* 179 NY 473, 482; *Dunham v Townshend,* 118 NY 281, 286; *cf., People v Flack,* 216 NY 123, 130). To whatever extent that defendant should have been given prior notice and an opportunity to be heard on the propriety of taking judicial notice of the foregoing matters of record *(see,* Richardson, Evidence § 14, at 9 [Prince

10th ed]; Fisch, NY Evidence § 1070, at 608 [2d ed]), these requirements were satisfied upon reargument.

This leaves unresolved the second issue to be addressed on reargument. That issue is whether the perjury plea and conviction so completely and permanently bar defendant from contesting the voluntariness of his confession as to obviate the need to reverse for County Court's error in refusing to charge the jury on the People's burden of proof of the voluntariness of the confession. That the refusal to so charge was error is not open to debate (see, People v Graham, 55 NY2d 144, 151; People v Huntley, 15 NY2d 72, 78; People v Murray, 130 AD2d 773, 775, lv denied 70 NY2d 958; People v Gibson, 89 AD2d 859).

■ Upon full review of the trial record herein, as well as the plea minutes in defendant's perjury case, we have concluded that the perjury plea and conviction are not an absolute bar. First, at most, the guilty plea constituted an admission only of the facts alleged in the one count of the four-count perjury indictment to which defendant pleaded guilty, in full satisfaction of all counts. The plea minutes are quite clear that defendant only admitted testifying falsely as to a portion of his entire trial testimony regarding the police misconduct giving rise to his confession. The count to which defendant pleaded related to his description, on cross-examination, of being beaten by Officer Kenneth Kennedy. On direct examination, however, defendant also testified as to the refusal of the police to honor his request to contact an attorney, to beatings by other officers outside Kennedy's presence and to being threatened with a knife at his throat by other officers. Thus, even if the admissions in his guilty plea were conclusive, they would only be so as to a fraction of his factual contentions that his confession was involuntary (see, People v Ayiotis, 23 AD2d 760).

Moreover, there is serious question whether the perjury guilty plea in a separate criminal action is totally conclusive in the instant prosecution for sexual abuse, even as to the facts admitted in the plea. The general rule is that judicial admissions are only binding and conclusive in the proceeding in which they are made. In other, separate actions, they are converted to *informal* judicial admissions, receivable in evidence as an admission, but subject to being contested or explained (see, Richardson, Evidence §§ 216-217, at 191-193 [Prince 10th ed]; as to guilty pleas, see, Country Mut. Ins. Co. v Duncan, 794 F2d 1211, 1215; Ando v Woodberry, 8 NY2d 165,

171; *see also, Enquip, Inc. v Smith-McDonald Corp.,* 655 F2d 115, 118; *People v Rivera,* 45 NY2d 989, 991).

Alternatively, it could be argued that the perjury conviction is by itself preclusive of defendant's relitigating the issue of the voluntariness of his confession in the instant case, under the doctrine of collateral estoppel. This also is unpersuasive, however. First, since the perjury conviction did not cover all the proof that defendant submitted at the trial to show that the confession was inadmissible, the determination in the perjury prosecution fails to meet the first prong of the test for applying collateral estoppel, the identicality of the issue necessarily decided in the perjury conviction with the issue of voluntariness of the confession and the decisiveness of the perjury determination on the issue of voluntariness *(see, Schwartz v Public Adm'r of County of Bronx,* 24 NY2d 65, 71). Second, a substantial and as yet unresolved question exists in New York as to whether collateral estoppel should be applied against a criminal defendant or the prosecution on an issue which would otherwise have to be determined by the jury in any separate criminal action. The case law casts grave doubts on such full application of the doctrine of collateral estoppel in criminal cases *(see, People v Fagan,* 66 NY2d 815, 816; *People v Plevy,* 52 NY2d 58, 64; *People v Berkowitz,* 50 NY2d 333, 344-345; *cf., Hernandez-Uribe v United States,* 515 F2d 20, 21-22, *cert denied* 423 US 1057; *United States v Colacurcio,* 514 F2d 1, 5-6; *Pena-Cabanillas v United States,* 394 F2d 785, 787-788; *People v Williams,* 143 AD2d 162, 163 [applying collateral estoppel to pretrial suppression hearings]). In any event, before collateral estoppel can be applied, defendant is entitled to show that he lacked a full and fair opportunity, including incentive, to litigate the facts determined in the perjury case *(see, People v Fagan, supra; Ryan v New York Tel. Co.,* 62 NY2d 494, 501; *People v Plevy, supra,* at 65-66). It would, therefore, be premature to apply collateral estoppel at this juncture.

It follows from the foregoing that the conviction herein cannot be affirmed based on any conclusiveness of the perjury plea and conviction. Nor may we affirm on the ground that County Court's refusal to charge the burden of proof of voluntariness of the confession was harmless error. The court's charge cannot be read as implicitly instructing the jury that it must find the confession voluntary beyond a reasonable doubt. The court limited its charge on the People's burden of proof to the "elements" of the crime charged, and

otherwise stated only that defendant had no burden to prove his innocence *(cf., People v Dean,* 112 AD2d 947, 948, *lv denied* 66 NY2d 918). Apart from defendant's confession, the proof of guilt was far from overwhelming. The alleged child victim could only give unsworn testimony that defendant had visited her mother at their apartment on some unspecified occasions. Defendant conceded that he had babysat the child for the mother on the single occasion of the date of the alleged crime. This was the only proof that defendant had ever been alone with the child. Although the forensic evidence established that there was male sperm found on the child's body on that date, the People's experts also testified that the specimens could have been deposited as much as from 15 hours to three days before they were examined, which would have been inconsistent with defendant's guilt. A medical examination of the child three days before the date of the alleged crime showed a rash on her genitalia, consistent with possible molestation. Defendant also gave uncontradicted testimony that other men frequented the apartment. Neither the child's mother nor her father, who picked the child up from defendant at the apartment on the date in question, were called by the People as witnesses. If the jury had rejected the validity of the confession, it could quite reasonably have acquitted. Therefore, the conviction should be reversed and the case should be remitted for a new trial.

CASEY, J. (dissenting). In my view, there is no need to reach the issues raised by defendant's subsequent perjury conviction and the statements made by him during the plea allocution which resulted in that conviction. County Court determined in a pretrial *Huntley* hearing that defendant's statement was voluntary beyond a reasonable doubt (CPL 710.70). That determination permitted the introduction of the statement as evidence in the trial. Although County Court refused to charge, pursuant to defendant's specific request, that the People must prove the voluntariness of the confession beyond a reasonable doubt, the court did charge that the People bore the burden of proving, on all of the evidence, defendant's guilt beyond a reasonable doubt (CPL 300.10) and that defendant's statement could not be considered by the jury unless it was found to be voluntary. In my view, if County Court erred in its refusal to charge in the specific language requested by defendant, the error should be considered harmless error *(see, People v Dean,* 112 AD2d 947, 948, *lv denied* 66 NY2d 918). Inasmuch as all

of the other arguments of defendant have been found meritless, the judgment appealed from should be affirmed.

MIKOLL, J. (dissenting). I respectfully dissent. In my view the first degree perjury conviction of defendant upon his plea of guilty precludes defendant from using the defense that his confession was obtained as the result of being beaten and threatened by the City of Albany police. Since the perjury plea and conviction bar defendant from contesting the voluntariness of his confession, there is no need to reverse for County Court's error in refusing to charge the jury that the People had the burden of proving the voluntariness of the confession beyond a reasonable doubt.

The admissions contained in the plea minutes of the perjury conviction are so substantial as to negate defendant's entire testimony that the confession was the result of police misconduct in beating and threatening defendant. Defendant admitted that his testimony that he was beaten by Officer Kenneth Kennedy and other police officers was false. In the plea colloquy defendant admitted that the statements "[t]hey (the police) concentrated on the groin" and that "Kennedy mainly hit me in the groin and the head" were untrue. His testimony that "[t]he police threw me to the ground" was false. Admittedly his purpose in giving this testimony was to "mislead the jury".

Defendant's admissions not only referred to the acts of Kennedy but of other officers as well. These admissions are so broad and substantial as to undermine the truthfulness of his entire defense that his confession was involuntary.

In my view it is unsound for the majority to rely on *People v Ayiotis* (23 AD2d 760) as limiting the conclusiveness of the plea of guilty to only part of such defense because defendant's perjury plea was to only one count of the indictment. In *Ayiotis,* the guilty plea was to a lesser included count of the indictments *(see, supra)* and, thus, the crime to which the defendant pleaded in that case was in effect only a legal fiction *(see, e.g., People v Clairborne,* 29 NY2d 950, 951; *People v Foster,* 19 NY2d 150, 153-154). Here, defendant's perjury plea was to the crime of perjury in the first degree as charged which established every element of that crime. Further, the *Ayiotis* court, in sentencing the defendant therein, indicated that it was basing the sentence imposed on a higher crime in terms of punishment than that to which the defendant had pleaded *(see, People v Ayiotis, supra).*

Contrary to the view of the majority, in my opinion the perjury conviction itself is sufficient to preclude defendant from relitigating the issue of the voluntariness of his confession. The contention that defendant's confession was involuntary on the facts of this case in essence rests only on the defense that the police obtained the confession through misconduct by threatening and beating defendant. As noted, that defense has been destroyed by defendant's perjury plea and conviction. The remaining evidence is insufficient to sustain an involuntary confession defense. This then is an appropriate case for the application of the doctrine of collateral estoppel. The test of the identicality of issue has been met.

Although, as the majority states, there is an unresolved substantial question as to whether collateral estoppel should be applied against a criminal defendant or the prosecution on an issue which would otherwise have to be determined by the jury in any separate criminal action, in my view it is appropriate to apply the doctrine in these circumstances. Defendant stands before this court relying on his own perjured testimony, which induced the occasion for the erroneous instruction, to gain the reversal of his conviction. He seeks to profit by his own wrongdoing and this court should not permit anyone to do so (see, People v Thompson, 41 NY 1, 6-7). The estoppel doctrine should be applied in order to preserve the integrity of the judicial system and to prevent a perversion of justice (see, People v Kulis, 18 NY2d 318, 323). The principle involved is demonstrated in People v Kulis (supra), where the Court of Appeals, writing per curiam, quoted the opinion of Justice Frankfurter in Walder v United States (347 US 62, 64-65) as follows: "The prosecution cannot 'use the fruits of such unlawful conduct to secure a conviction' but '[i]t is quite another [thing] to say that the defendant can turn the illegal method by which evidence in the Government's possession was obtained to his own advantage, and provide himself with a shield against contradiction of his untruths. Such an extension of the Weeks doctrine [Weeks v. United States, 232 U.S. 383] would be a perversion of the Fourth Amendment.' " (People v Kulis, supra, at 323.) In People v Rivera (58 AD2d 147, affd 45 NY2d 989), Justice Silverman, writing for the majority and also quoting Walder v United States (supra, at 65), said, " '[T]here is hardly justification for letting the defendant affirmatively resort to perjurious testimony in reli-

ance on the Government's disability to challenge his credibility.' " *(People v Rivera, supra,* at 151.) *Rivera,* however, involved use of an affidavit of a former attorney for the defendant against the defendant as a vicarious admission *(see, supra,* at 148). Here, we are concerned with defendant's own in-court admissions which were part of a plea of guilty to perjury.

The instant case is unique in that the majority relies on defendant's admittedly false trial testimony and argues that this court is not entitled to consider that the testimony is false because the doctrine of collateral estoppel should not be applied against a criminal defendant. The rules set down in *People v Plevy* (52 NY2d 58) and *People v Fagan* (66 NY2d 815) governing the application of the doctrine of collateral estoppel do not require this court to rely on defendant's false testimony. Rather, this is just such a case where it appears appropriate to apply the doctrine of collateral estoppel to prevent a perversion of justice.

Review of the record in the perjury conviction reveals that defendant had a full and fair opportunity, including incentive, to litigate the facts determined therein. Consequently, the argument that the issue of collateral estoppel is premature should be rejected.

Accordingly, I would conclude that the effect of defendant's perjury conviction and plea is to preclude him from being able to present the defense on retrial that his confession was involuntarily obtained as the result of police threats and violence. Consequently, the issue of whether County Court erred in its failure to charge that the People had the burden of proving the voluntariness of the confession beyond a reasonable doubt is rendered academic. In view of defendant's conduct and the circumstances of this case, defendant should be estopped from profiting from his own fraud on the judicial system. I would therefore adhere to this court's original decision and affirm the judgment of conviction.

MAHONEY, P. J., and YESAWICH, JR., J., concur with LEVINE, J.; CASEY, J., dissents and votes to affirm in an opinion; MIKOLL, J., dissents and votes to affirm in an opinion.

Judgment reversed, on the law, and matter remitted to the County Court of Albany County for a new trial.