■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

Luis Nunez, Appellant.—Judgment, Supreme Court, New York County (Shirley Levittan, J.), rendered on July 12, 1988, convicting defendant, after a jury trial, of robbery in the first degree and robbery in the second degree and sentencing him to concurrent indeterminate terms of from 12½ to 25 years' and from 5 to 15 years' imprisonment, respectively, unanimously affirmed.

A superseding indictment charged defendant with the armed robberies of two separate Korean-owned all-night grocery stores in Manhattan on October 28, 1987. After a jury trial, the defendant was acquitted of all charges, including robbery and felony murder, relating to the robbery of the Eden Farms grocery on Manhattan's west side, and was convicted of robbery in the first and second degrees pertaining to the robbery of the Garden Delicatessen on Manhattan's east side that same evening.

Contrary to defendant's assertions, the confession of Pedro Collado, defendant's cousin, admitting to having committed both the Eden Farms and Garden Deli robberies, which was redacted to eliminate all inculpatory references to the defendant, was properly admitted under the declaration against penal interest exception to the hearsay rule. The declarant, Pedro Collado, was unavailable at the time of trial, his statement was contrary to his penal interests, and he had competent knowledge of the underlying facts. Moreover, the proponent of the evidence, the People, demonstrated the reliability of the statement by extrinsic evidence. (People v Brensic, 70 NY2d 9, 15.)

Equally devoid of merit is defendant's contention that the trial court abused its discretion in refusing to declare a mistrial on the ground that the jury was "hopelessly deadlocked". A court may discharge the jury because of a deadlock only if it has "deliberated for an extensive period of time without agreeing upon a verdict with respect to any of the charges submitted and the court is satisfied that any such agreement is unlikely within a reasonable time". (CPL 310.60 [1] [a].) Here, the trial court properly exercised its discretion in denying defendant's motions for a mistrial where, during the course of their deliberations, the jurors continued to evince a strong desire to resolve their differences of opinion and continued to request additional testimony, exhibits and legal guidance. Nor are defendant's other arguments persuasive.

The defendant was not entitled to a circumstantial evidence charge since the prosecutor introduced direct evidence that

the defendant had committed the robbery of the Garden Deli via the positive eyewitness identification of the defendant by a store employee both at a lineup and in court. *(People v Ruiz,* 52 NY2d 929, 930.)* Further, defendant has failed to preserve for appellate review his contention that the trial court marshaled the evidence in a biased manner as a matter of law. Were we to consider that contention, in the interest of justice, we would nonetheless affirm, since the record reveals the evidence was marshaled in an impartial and even-handed manner. *(People v Saunders,* 64 NY2d 665, 667.)*

We have examined defendant's remaining contentions, including the arguments that his sentence was excessive, and find them to be without merit. Concur—Murphy, P. J., Kupferman, Rosenberger, Kassal and Ellerin, JJ.