THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERROL RUSSELL, Appellant

Evidence at trial was that, during an investigation of drug smuggling into the Rikers Island prison facility, defendant (a Correction Officer assigned to the facility) agreed with an undercover officer to carry a package of a substance he believed to be one-half ounce of cocaine into the prison facility, in exchange for a sum of money.

During cross-examination of an investigator called by the People, defense counsel elicited testimony that the instant

transaction was facilitated by a cooperating prison inmate who had previously advised authorities that defendant had supplied him with marijuana. Thereafter, the same investigator was called by the defense and an attempt was made to impeach his testimony through the use of an investigative report indicating that defendant had supplied the cooperating inmate with both marijuana and cocaine. Defendant failed to object to the prosecutor's cross-examination of that witness on the issue, or to the witness's response, which included a reference to defendant's alleged trafficking in cocaine to other inmates, and thus failed to preserve the issue for appellate review as a matter of law (CPL 470.05). In any event, the People were entitled to attempt to rehabilitate the witness by asking him to explain the alleged inconsistency (see, e.g., *People v Rivera*, 159 AD2d 229, *lv denied* 75 NY2d 969), and evidence suggesting uncharged similar crimes was admissible to refute defendant's entrapment defense (see, e.g., *People v Mann*, 31 NY2d 253). In this connection, the prosecutor's summation comments regarding defendant's alleged involvement in drug trafficking constituted fair comment on the evidence (see, *People v Galloway*, 54 NY2d 396). Additionally, at defense counsel's request, the court gave a detailed curative instruction to the jury regarding all summation references to a large-scale prison drug trafficking operation, carefully explaining the limited use to be made of such testimony and reminding the jury that the charges against defendant involved only the instant transaction. Defendant voiced no objection or exception to this curative instruction, and thus failed to preserve the issue for appellate review as a matter of law (see, e.g., *People v Santiago*, 52 NY2d 865). In any event, it is presumed that the jury followed the trial court's full and appropriate instructions on this matter (see, *People v Rodriguez*, 103 AD2d 121).

There is no factual record to support defendant's claim on appeal that the trial court allowed a juror, who expressed concern for the welfare of her unsupervised children, to return home for an unspecified period of time to look in on the children, and thus appellate review of the issue is precluded (*People v Olivo*, 52 NY2d 309). However, the trial court appropriately exercised its discretion in determining that a court officer could accompany a juror who lived alone to her home to obtain needed medication, while instructing the remaining jurors to cease deliberations until all jurors were again together. The need of a juror to respond to personal necessity does not constitute prohibited separation of the

deliberating jury as contemplated by CPL 310.10 *(see, People v Prisco,* 37 AD2d 369, *affd* 30 NY2d 808, *cert denied* 409 US 1039).

The trial court properly denied defense counsel's motion for a mistrial and declined to discharge the jury on the ground of deadlock, as deliberation was not extensive, the jury had reported agreement on at least one of the charges submitted, and the jury's request for additional instruction and readback, together with its continued deliberation, indicated that full agreement within a reasonable time was not precluded *(see, People v Nunez,* 165 AD2d 676, *lv denied* 76 NY2d 989). The court's *Allen* charge, which specifically instructed the juror to continue deliberation only if they could do so without violating their consciences, was in no way coercive *(see, People v Glover,* 165 AD2d 761, *lv denied* 77 NY2d 877).

We have considered defendant's remaining arguments and find them to be without merit. Concur—Wallach, J. P., Kupferman, Ross, Asch and Rubin, JJ.