■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH P. SEIVER, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Cacciabaudo, J.), rendered January 16, 1991, convicting him of sexual abuse in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact have been raised or considered.

It was error to admit, over objection, testimony by the victim's teacher, that a diary, kept by the victim and given to the teacher, had an entry that the victim was sexually abused by her father. Although witnesses who have heard a victim complain may testify to the complaint, the complaint must be promptly made for the testimony to be admissible (see, People v McDaniel, 178 AD2d 612; People v Hollaway, 132 AD2d 940; People v Bradley, 8 AD2d 982). In the instant case, the untimeliness of the victim's complaint brings it outside the rule of admissibility. Furthermore, the court incorrectly permitted the victim's teacher to testify to what was written in the victim's diary under the state-of-mind exception to the hearsay rule. The teacher's state of mind in reporting the contents of the diary to her superiors was totally irrelevant to any issue in the case.

We also conclude that the evidence of the defendant's guilt was not overwhelming, and thus "there is no occasion for consideration of any doctrine of harmless error" (People v Crimmins, 36 NY2d 230, 241).

In light of the foregoing determination, we do not address

the defendant's remaining contentions. Rosenblatt, J. P., Ritter, Pizzuto and Santucci, JJ., concur.