■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUTH MONTESA, Appellant. [621 NYS2d 359] —Appeal by the defendant (1) from a judgment of the Supreme Court, Queens County (Berkowitz, J.), rendered October 8, 1991, convicting her of assault in the second degree (two counts), reckless endangerment in the second degree (two counts), and endangering the welfare of a child (two counts), upon a jury verdict, and imposing sentence, and (2) by permission, from an order of the same court, dated March 8, 1993, which denied her motion to vacate the judgment pursuant to CPL 440.10.

Ordered that the judgment is reversed, on the law, and a new trial is ordered; and it is further,

Ordered that the appeal from the order is dismissed as academic.

At trial, the prosecutor, over the defendant's objection, elicited hearsay testimony from Dr. Cicatello, one of the attending physicians who treated the child, that the child's account of what had happened was "distinctly different" from the account given by the defendant, who was the child's stepmother. As a result of these differing accounts Dr. Cicatello reported the incident to Child Protective Services. Another attending physician, Dr. Janvier, who testified as an expert on child abuse, based her opinion of abuse on the fact that the history given by the defendant was "not consistent" with either the injury or the history received from the child. Thereafter, in summation, the prosecutor commented that the defendant was unwilling to leave the victim alone with the

healthcare workers out of fear that "in her absence this little boy would blurt out the truth of what occurred on Sunday evening, which he does to Dr. Cicatello and Dr. Janvier".

It was not error for the court to allow Dr. Janvier to testify that the defendant's allegations concerning the cause of the child's injury were not consistent with the history given by the child. This testimony was admitted for the limited purpose of informing the jury as to the basis of Dr. Janvier's opinion and not for its truth (see, People v Campbell, 197 AD2d 930). We find, however, that this testimony, combined with the hearsay testimony of Dr. Cicatello and the prosecutor's summation remarks, deprived the defendant of a fair trial (see generally, People v Seiver, 187 AD2d 683; People v Zurak, 168 AD2d 196, cert denied 504 US 941).

Were we not reversing on other grounds, we find that the evidence adduced at trial, viewed in a light most favorable to the People (see, People v Contes, 60 NY2d 620), was sufficient to establish that the defendant's failure to seek prompt medical attention for the child's first, second, and third degree burns was reckless and created a substantial risk of serious injury (Penal Law §§ 120.20, 15.05 [3]). Furthermore, the verdict was not against the weight of the evidence (CPL 470.15 [5]; People v Gaimari, 176 NY 84, 94). Significantly, the People's medical expert testified that although it is common for lay people to place ointment on a burn, he further testified that most people would have taken the child to the emergency room for such a severe injury on the basis of the immediate redness and wrinkling of the hand. The Court of Appeals has recognized that persons without medical backgrounds can be expected to appreciate the gravity of a child's injury and act appropriately (see, People v Steinberg, 79 NY2d 673, 680-681).

In view of our determination, we decline to reach the defendant's remaining contentions. O'Brien, J. P., Pizzuto, Altman and Hart, JJ., concur.