■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID TESTERMAN, Appellant. [621 NYS2d 361] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Berkowitz, J.), rendered October 28, 1991, convicting him of reckless endangerment in the second degree and endangering the welfare of a child (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, as a matter of discretion in the interest of justice, and a new trial is ordered.

The defendant contends that the trial court erred in admitting testimony of his son's injuries, other than his burns, since such testimony was evidence of prior, uncharged crimes. We find that this testimony was admissible in that it was directly probative of the defendant's guilt of the counts charging him with endangering the welfare of a child, which, unlike the reckless endangerment counts, did not specify a particular injury. The defendant also contends that the trial court erred in failing to provide a limiting instruction when the evidence was admitted or during the final jury charge. This issue is not preserved for appellate review (see, CPL 470.05 [2]) and we decline to review it in the exercise of our interest of justice jurisdiction.

However, in view of the trial errors involving the codefendant with whom the defendant was jointly tried, we find that the defendant was deprived of a fair trial (see, *People v Montesa,* 211 AD2d 648 [decided herewith]).

In view of our determination, we decline to address the defendant's remaining contentions. O'Brien, J. P., Pizzuto, Altman and Hart, JJ., concur.