(July 11, 1996)

■ The People of the State of New York, Respondent, v Michael D. Barrieau, Appellant. [645 NYS2d 350] —Mercure, J. Appeal from a judgment of the County Court of Rensselaer County (Dwyer, Jr., J.), rendered May 20, 1992, upon a verdict convicting defendant of the crime of sexual abuse in the first degree.

Defendant was convicted of a count of the indictment charging him with committing sexual abuse in the first degree by fondling his eight-year-old son's penis on January 26, 1991. At trial the People produced the victim's mother, who testified concerning a February 8, 1991 conversation she had with the victim while en route to visitation with defendant. The mother testified that when she became aware of the victim's unwillingness to see his father, she asked him "why, what was wrong * * * if there was something he needed to tell [her] and * * * if his father had been touching him or doing anything to him that he should not be doing", and the child responded "yes". Defendant timely objected to the testimony as hearsay, but the People contended that the testimony was not hearsay because it was introduced merely to establish that the statements were made and not for their truth (*see, People v Ricco*, 56 NY2d 320, 328). County Court admitted the testimony upon the ground that it established the mother's state of mind and provided a necessary backdrop for her subsequent confrontation with de-

fendant. At defendant's request, County Court instructed the jury that it was "allowing this statement, not to prove the truth of the facts asserted * * * or the proof of what the boy said, but only that the statement was made to his mother as she now claims".

We agree with defendant that the testimony was hearsay and could not be properly admitted on the ground advanced by the People and credited by County Court. The mother's state of mind was irrelevant to any issue developed at trial, and the People had no need to establish a foundation for the testimony concerning the mother's subsequent actions in confronting defendant and reporting the incident to the police (*see, People v Seiver*, 187 AD2d 683, *lv denied* 81 NY2d 976; *cf., Matter of Bergstein v Board of Educ.*, 34 NY2d 318, 324). Nonetheless, there is arguable merit to the People's current contention that the testimony, which was essentially devoid of detail, was admissible as evidence of the victim's timely complaint (*see,* Richardson, Evidence § 8-615, at 652-654 [Farrell 11th ed]; *but see, People v Seiver, supra*). In any event, in view of County Court's limiting instructions and the overwhelming evidence of guilt, including the victim's first-hand account of the incident and testimony concerning defendant's admissions to the victim's mother and his oral and written statements to the police, the claimed error was harmless (*see, People v Crimmins*, 36 NY2d 230, 242).

We also agree with defendant that County Court erred in refusing to charge the jury that the People were required to prove the voluntariness of defendant's inculpatory statements to the police beyond a reasonable doubt. Nonetheless, considering County Court's instruction regarding the People's duty to establish defendant's guilt beyond a reasonable doubt, together with its expanded definition of reasonable doubt and its charge concerning the voluntariness of statements, we conclude that the charge as a whole (*see, People v Woods*, 41 NY2d 279, 283) can be read as implicitly instructing the jury that it must find the confession to be voluntary beyond a reasonable doubt (*see, People v Dean*, 112 AD2d 947, 948, *lv denied* 66 NY2d 918). Under the circumstances, the error was harmless (*see, People v Smalls*, 185 AD2d 863, 864, *lv denied* 81 NY2d 794; *People v Nelson*, 171 AD2d 702, 704, *lv denied* 77 NY2d 964; *cf., People v Jacobs*, 149 AD2d 112, 115-116, *lv denied* 74 NY2d 949).

Cardona, P. J., White, Casey and Peters, JJ., concur. Ordered that the judgment is affirmed.