(July 16, 1998)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDY CAMPNEY, Appellant. [677 NYS2d 393] —Graffeo, J. Appeal from a judgment of the County Court of Washington County (Berke, J.), rendered May 8, 1997, upon a verdict convicting defendant of the crimes of burglary in the third degree, criminal possession of stolen property in the third degree (five counts), criminal possession of stolen property in the fourth degree, criminal possession of stolen property in the fifth degree (eight counts) and criminal possession of burglar's tools.

Defendant was arrested on September 13, 1996 after being implicated by his brother Burton Campney (hereinafter Campney) in a series of burglaries. On the day of defendant's arrest, the State Police recovered numerous stolen items from premises owned by defendant in the Town of Hartford, Washington County, pursuant to two search warrants. Thereafter, defendant was indicted on 25 counts emanating from his alleged possession of stolen property and the commission of burglaries.

Prior to trial, *Mapp* (*Mapp v Ohio*, 367 US 643) and *Huntley* (*People v Huntley*, 15 NY2d 72) hearings were held, after which certain statements of defendant were suppressed. Pursuant to a *Settles* hearing (*People v Settles*, 46 NY2d 154), the prosecution sought a pretrial order allowing the testimony of three individuals with respect to out-of-court statements made by Campney pertaining to the commission of burglaries with defendant. An acquaintance of Campney, Brian Belden, testified during the hearing that Campney bragged about committing burglaries with his brother. Jason Frasier, another acquaintance, stated that Campney acknowledged that he and "his

crew" broke into buildings. Although Campney did not identify defendant by name, he conveyed to Frasier that his "older brother" was a member of the crew. Frasier's mother claimed that Campney divulged that he burglarized businesses owned by Leon Walker and Jimmy Paige and that he committed certain burglaries alone, while others were carried out with "a brother". Detective Frank Hunt of the Granville Police Department testified that based on his investigation, Campney did not participate in the Paige and Walker burglaries despite his admissions to the contrary and, therefore, Campney was not indicted for these crimes. At the conclusion of the hearing, County Court ruled that the three statements were admissible.

After a jury trial, defendant was convicted and sentenced as a second felony offender to prison terms of 3½ to 7 years for each of five counts of criminal possession of stolen property in the third degree, 2 to 4 years for one count of criminal possession of stolen property in the fourth degree, jail terms of one year for each of eight counts of criminal possession of stolen property in the fifth degree and a jail term of one year for possession of burglar's tools, each of these terms to run concurrently. Defendant was also sentenced to a consecutive prison term of 3½ to 7 years for burglary in the third degree. Defendant appeals, contending that it was reversible error for County Court to allow the hearsay testimony of three individuals regarding Campney's unreliable statements.

As a hearsay exception, a declaration against penal interest may be admissible if reliability is firmly established. To this end: "the proponent must satisfy the court that four prerequisites are met: (1) the declarant must be unavailable to testify by reason of death, absence from the jurisdiction, or refusal to testify on constitutional grounds; (2) the declarant must be aware at the time of its making that the statement was contrary to his penal interest; (3) the declarant must have competent knowledge of the underlying facts; and (4) there must be sufficient competent evidence independent of the declaration to assure its trustworthiness and reliability" (*People v Brensic*, 70 NY2d 9, 15). Where the prosecution seeks admission of hearsay declarations tending to inculpate defendant, it is subjected to more exacting scrutiny as compared to exculpatory statements of which the defendant is the proponent (*see, id.*, at 15; *see also, People v Darrisaw*, 206 AD2d 661, 664; *People v Fonfrias*, 204 AD2d 736). Moreover, a declaration against penal interest should be admitted only "to the extent the statement is disserving to declarant" (*People v Brensic, supra*, at 16; *see, People v Thomas*, 68 NY2d 194, 198; *People v*

*Geoghegan*, 51 NY2d 45, 49; *cf., People v Nunez*, 165 AD2d 676, 677, *lv denied* 76 NY2d 989; Prince, Richardson on Evidence § 8-407, at 618 [Farrell 11th ed]).

We find that County Court improperly admitted in evidence the statements of Campney's three acquaintances since the statements were used to directly implicate defendant, as well as the declarant, in the burglaries. Additionally, the hearsay statements failed to satisfy the fourth prong of the admissibility test which requires a more "exacting standard" of reliability applicable to inculpatory hearsay declarations offered by the prosecution (*People v Brensic, supra*, at 15). Specifically, the reliability of the statement made by Campney to Frasier's mother was highly questionable since it was determined, prior to defendant's trial, that Campney was not involved in either the Walker or Paige burglaries despite his remarks to the contrary. In fact, the police discovered that Burton was in Missouri at the time of the Walker burglary. The prosecution's contention that the statement was not necessarily false since Campney was referring to the activities of a "crime ring", as distinguished from his personal involvement, is not persuasive. Furthermore, the People failed to establish that it was "highly probable" that the declarations to Belden and Frasier were truthful, especially in light of the lack of specificity regarding the locations, times of occurrence or other details of the commission of the alleged crimes (*People v Brensic, supra*, at 15).

Although numerous witnesses identified their stolen property, there was scant other testimony connecting defendant to the burglaries. The absence of other evidence regarding defendant's involvement in particular burglaries, paired with the questionable reliability of Campney's statements, rendered County Court's error highly prejudicial, thereby necessitating a reversal of the burglary conviction (*see, People v Brensic, supra*, at 22, 26; *People v Crimmins*, 36 NY2d 230, 242). In light of this ruling, it is unnecessary for us to consider defendant's contentions that newly discovered evidence, i.e., Campney's guilty plea, required a new trial or that County Court's failure to instruct the jury on *falsus in uno* was reversible error.

However, we conclude that County Court's error was harmless with respect to the criminal possession of stolen property charges since overwhelming independent evidence of defendant's guilt was presented by the prosecution (*see, People v Ayala*, 75 NY2d 422, 431; *People v Vann*, 245 AD2d 818, 820-821, *lv denied* 91 NY2d 945) and, therefore, no reasonable possibility existed that Campney's statements contributed to

defendant's conviction (*see, People v Carey*, 241 AD2d 748, *lv denied* 90 NY2d 1010; *People v Knox*, 232 AD2d 811, 812, *lv denied* 89 NY2d 943; *People v Ryan*, 229 AD2d 623, 624, *affd* 90 NY2d 822).

Defendant further asserts that he was denied a fair trial when his right to remain silent was violated by the prosecution's use of his prearrest statement to impeach exculpatory evidence offered by the defense. To contest his residency at the mobile home, defendant offered the testimony of his brother Paul Campney, who claimed that defendant and his family were living with him from the middle of August 1996 until September 13, 1996, when defendant was arrested and the search warrant was executed. In rebuttal, the People presented the testimony of a State Trooper who asserted that defendant stated that he was living at the premises which were the subject of the search warrant. We disagree with defendant's contention that the People were required to provide notice pursuant to CPL 710.30 since defendant's prearrest statement was used to rebut the testimony of his brother (*see, People v Walton*, 214 AD2d 805, 808, *lv denied* 86 NY2d 785; *People v Robinson*, 205 AD2d 836, 838, *lv denied* 84 NY2d 831).

With respect to defendant's contention that County Court's jury charge on criminal possession of stolen property was inadequate due to the failure to charge "recent and exclusive possession", we find that the objection was not properly preserved for appellate review (*see*, CPL 470.05 [2]; *People v Vargas*, 88 NY2d 363, 381; *People v Reed*, 140 AD2d 881, 883, *lv denied* 72 NY2d 960). Even if we were to consider the merits, the failure of the court to charge "exclusive" possession was not prejudicial when the charge is viewed in its totality. The court properly instructed the jury on the use of any inference and indicated that a permissible inference did not shift the burden of proof from the People. Therefore, the omission did not constitute reversible error (*see, People v Barrieau*, 229 AD2d 664, 665).

We have considered the remainder of defendant's contentions and find them to be without merit.

Cardona, P. J., White, Peters and Carpinello, JJ., concur. Ordered that the judgment is modified, on the law, by reversing so much thereof as convicted defendant of the crime of burglary in the third degree; said count of the indictment is dismissed; and, as so modified, affirmed.