■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES E. MATHIAS, Appellant. [776 NYS2d 622]—

Rose, J. Appeal from a judgment of the County Court of Fulton County (Lomanto, J.), rendered September 29, 2000, upon a verdict convicting defendant of the crimes of burglary in the first degree (two counts), aggravated criminal contempt, unlawful imprisonment in the first degree (two counts), assault in the second degree, menacing in the second degree and criminal possession of a weapon in the third degree.

Following a jury trial, defendant was convicted of two counts of burglary in the first degree, aggravated criminal contempt, two counts of unlawful imprisonment in the first degree, assault in the second degree, menacing in the second degree, and criminal possession of a weapon in the third degree. The evidence at trial established that defendant, in the early morning hours of January 21, 2000, surreptitiously entered the apartment of his former wife (hereinafter the victim), who had previously secured an order of protection against him. While in the victim's bedroom, defendant restrained and repeatedly struck her with his fist causing physical injuries, and he also restrained and threatened the victim's male companion with a knife. Defendant was sentenced to multiple concurrent terms of imprisonment, the longest of which were 10 years with a five-year period of postrelease supervision on the two burglary convictions, and this appeal ensued.

Defendant argues that the indictment should have been dismissed because he was irreparably prejudiced when the People introduced an allegedly expired order of protection into evidence before the grand jury. We disagree. The April 1999 order of protection cited in the indictment was amended in October 1999. The October amendment did not terminate or invalidate the April order; it merely supplemented the order by further restricting defendant's behavior. While the amendment purports to extend the duration of the order beyond the original one-year period without citing aggravating circumstances (*see* Family Ct Act § 842), such an impermissible extension will not invalidate the order, but merely require modification of its duration (*see e.g. Matter of Rosario WW. v Ellen WW.*, 309 AD2d 984, 987 [2003]). This is of no consequence here since the incident in question occurred within one year of the April order.

Next, we are persuaded that County Court's pretrial *Ventimiglia/Molineux* ruling properly allowed testimony as to defendant's harassing and assaultive behavior toward the victim

on four prior occasions, one of which occurred within three days of the incident giving rise to the current charges. These incidents tended to show that defendant's intent in entering her dwelling on the night in question was to assault or harass her (*see People v Rojas*, 97 NY2d 32, 37-38 [2001]; *People v Laviolette*, 307 AD2d 541, 542 [2003], *lv denied* 100 NY2d 643 [2003]; *People v Watson*, 281 AD2d 691, 694 [2001], *lv denied* 96 NY2d 925 [2001]).

Nor did County Court err by precluding the defense from presenting testimony regarding other, more amicable contacts with the victim. In limiting the defense to the prior contacts between defendant and the victim covered by its *Ventimiglia* ruling, County Court cited defendant's formal judicial admission, out of the jury's presence, that he had been convicted of criminal contempt in the second degree in December 1999 for violating the stay-away provisions of the amended order of protection. By this admission, defendant conceded that he could not have reasonably believed he had permission to enter the victim's apartment on January 21, 2000. Inasmuch as the issue of permission was conclusively resolved against defendant by his formal judicial admission (*see People v Brown*, 98 NY2d 226, 232 n 2 [2002]; *People v Jacobs*, 149 AD2d 112, 114 [1989], *lv denied* 74 NY2d 949 [1989]), County Court properly precluded, as irrelevant, any evidence of his prior permissive contacts with the victim.

Defendant next challenges County Court's ruling allowing the introduction of a window hasp found during a postarrest inventory search of his coat pocket and used by the prosecution as part of its proof that he entered the victim's home through a bathroom window. Following jury selection, defendant orally moved for suppression of the hasp, but cited no ground for his motion other than the prosecution's failure to give notice, until one week before trial, of its intent to use the hasp. County Court summarily denied suppression on the ground that the hasp was seized during a lawful inventory search made after a lawful arrest, but nonetheless conducted a *Mapp* hearing during trial in the presence of the jury. While the hearing should have been held out of the jury's presence (*see* CPL 710.60 [5]), the error was harmless because there was no ground for suppression and defendant has not demonstrated that he was prejudiced by the late notice (*see People v Spencer*, 219 AD2d 259, 265 [1996], *lv denied* 88 NY2d 1024 [1996]). In addition, defendant's testimony that he did not have the hasp when he was arrested permitted the jury to hear and consider his claim that the hasp was placed in his coat by police.

We have reviewed defendant's remaining contentions and find them to be without merit.

Cardona, P.J., Mercure, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed.