■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY J. MOORE, Appellant. [832 NYS2d 367]—Appeal from a judgment of the Supreme Court, Monroe County (John J. Brunetti, A.J.), rendered May 6, 2005. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the third degree and two traffic infractions.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [12]), speeding (Vehicle and Traffic Law § 1180 [d]), and failing to signal (§ 1163 [b]). Contrary to the contention of defendant, the police had probable cause to stop the vehicle that he was driving based upon his commission of traffic violations (*see People v Robinson,* 97 NY2d 341, 348-349 [2001]; *People v Garcia,* 30 AD3d 833 [2006]). Defendant's general motion to dismiss did not preserve for our review any challenge to the alleged legal insufficiency of the evidence advanced on appeal (*see People v Gray,* 86 NY2d 10, 19 [1995]; *People v Sweeney,* 15 AD3d 917 [2005], *lv denied* 4 NY3d 891 [2005]) and, contrary to defendant's further contention, the verdict is not against the weight of the evidence despite discrepancies in the testimony of the police officers concerning the timing of events (*see People v Green,* 35 AD3d 1197 [2006]; *see generally People v Bleakley,* 69 NY2d 490, 495 [1987]; *People v Davis,* 260 AD2d 726, 728-729 [1999], *lv denied* 93 NY2d 968 [1999]). Finally, because defendant committed the crimes herein before the effective date of the Drug Law Reform

Act, the indeterminate term of imprisonment imposed by Supreme Court is legal (*see People v Utsey*, 7 NY3d 398, 403-404 [2006]). Present—Hurlbutt, J.P., Gorski, Fahey, Peradotto and Green, JJ.