■ The People of the State of New York, Respondent, v Donovan A. Freece, Appellant. [848 NYS2d 468]—

Appeal from a judgment of the Monroe County Court (Richard A. Keenan, J.), rendered October 1, 2004. The judgment convicted defendant, upon a jury verdict, of criminal contempt in the first degree and aggravated harassment in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of criminal contempt in the first degree (Penal Law § 215.51 [b] [v]) and aggravated harassment in the second degree (§ 240.30 [1] [a]). We reject defendant's contention that County Court erred in its *Molineux* ruling. Evidence of

defendant's prior bad acts involving the victim was properly admitted because it was relevant with respect to the issues of motive and intent (*see People v Melendez*, 8 AD3d 680 [2004], *lv denied* 3 NY3d 741 [2004]; *People v Mathias*, 7 AD3d 824, 825-826 [2004]; *People v Wright*, 288 AD2d 409 [2001], *lv denied* 97 NY2d 763 [2002]). The evidence demonstrated elements of aggravated harassment in the second degree, i.e., that defendant intended to threaten the victim and to cause her to be alarmed (*see* Penal Law § 240.30 [1] [a]). The court properly concluded that the probative value of that evidence outweighed its potential for prejudice and issued the appropriate limiting instruction to the jury (*see generally People v Alvino*, 71 NY2d 233, 242 [1987]). We reject the further contention of defendant that he was denied his right to be present at a material stage of the trial. Even assuming, arguendo, that defendant was absent during a sidebar conference, we conclude that the conference in question involved a purely legal discussion and "neither implicated defendant's peculiar factual knowledge nor otherwise presented the potential for his meaningful participation" (*People v Rodriguez*, 85 NY2d 586, 591 [1995]; *see People v Fabricio*, 3 NY3d 402, 406 [2004]; *People v Robinson*, 28 AD3d 1126, 1128 [2006], *lv denied* 7 NY3d 794 [2006]; *People v Borzouye*, 265 AD2d 419 [1999], *lv denied* 94 NY2d 860 [1999]). Present—Scudder, P.J., Smith, Centra, Lunn and Peradotto, JJ.