■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONNELL L. WILSON, Appellant. [865 NYS2d 445]—

Appeal from a judgment of the Monroe County Court (Elma A. Bellini, J.), rendered September 30, 2004. The judgment convicted defendant, upon a jury verdict, of criminal contempt in the first degree and harassment in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him, upon a jury verdict, of criminal contempt in the first degree (Penal Law § 215.51 [b] [v]) and harassment in the second degree (§ 240.26 [1]), defendant contends that County Court erred in refusing to preclude the People from presenting evidence of a prior incident of domestic violence by defendant against the complainant. We reject defendant's contention, inasmuch as that evidence was relevant to establish defendant's motive and intent (*see People v Freece,* 46 AD3d 1428 [2007], *lv denied* 10 NY3d 811 [2008]; *People v Melendez,* 8 AD3d 680 [2004], *lv denied* 3 NY3d 741 [2004]; *People v Mathias,* 7 AD3d 824, 825-826 [2004]). We note in addition that the court properly allowed the People to present evidence of defendant's prior violence only with respect to the complainant herein. Also contrary to the contention of defendant, evidence of his alleged drug use was admissible to complete the complainant's narrative (*see generally People v Gines,* 36 NY2d 932 [1975]). In any event, even assuming, arguendo, that the court erred in admitting the evidence of the prior incident of domestic violence and

the evidence of defendant's alleged drug use, we conclude that the error is harmless (*see People v Grant,* 7 NY3d 421, 424 [2006]; *see generally People v Crimmins,* 36 NY2d 230, 241-242 [1975]). Finally, the court properly denied defendant's request to charge criminal contempt in the second degree (Penal Law § 215.50 [3]) as a lesser included offense of criminal contempt in the first degree because no reasonable view of the evidence "would support a finding that [defendant] committed the lesser offense but not the greater" (*People v Glover,* 57 NY2d 61, 63 [1982]; *see People v Sullivan,* 284 AD2d 917, 918 [2001], *lv denied* 96 NY2d 942, 97 NY2d 658 [2001]). Present—Scudder, P.J., Hurlbutt, Martoche, Green and Gorski, JJ.