■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY WILLIAMS, Appellant. — Judgment unanimously affirmed. Memorandum: On appeal from his conviction for murder, second degree, arising from the shooting death in a bar of one Raymond Ford, defendant's primary contention is that the court erred in permitting the prosecutor to use for impeachment purposes on cross-examination two statements made by defendant. At the station house, after defendant requested counsel and before an attorney appeared in his behalf, defendant allegedly stated to an Assistant District Attorney that he had decided "to get Raymond Ford before Raymond Ford got him." The conversation also touched upon the upcoming trial of one Bobby Harrison in which defendant was to be a witness. According to the Assistant District Attorney,

defendant stated that if he were released for two days he "would have him killed, Bobby Harrison, he would do it." After a *Huntley* hearing, the court held these statements inadmissible at trial because they were made after defendant had requested counsel. At trial, the thrust of the defense was that Raymond Ford had, on a prior occasion, shot at defendant and had made numerous threats against him, and that on the night of the murder defendant had fired at Ford in self-defense when, upon seeing an object resembling a gun in Ford's hand, he believed that Ford was about to shoot him. An analysis of defendant's testimony shows that the first statement (indicating that contrary to his direct testimony, defendant was the pursuer — not the pursued) was properly admitted for impeachment because it was " 'inconsistent with some material part of his [trial] testimony'" (*People v Wise,* 46 NY2d 321, 326, quoting Richardson, Evidence [10th ed], § 501, p 486; see *Harris v New York,* 401 US 222). We find that the second statement, concerning Harrison, was improperly permitted on cross-examination because there was no mention of Harrison nor any other testimony on direct examination with which it was inconsistent. However, in view of the overwhelming evidence against defendant, including his own testimony properly adduced on cross-examination and other evidence tending to show that he was the aggressor, we find its admission to have been harmless error beyond a reasonable doubt (see *People v Rivera,* 57 NY2d 453; *People v Sanders,* 56 NY2d 51, 66-67; *People v Crimmins,* 36 NY2d 230, 237). We note that defendant denied having made these statements and that the prosecution adduced no evidence in rebuttal. There is no merit to defendant's claim that it was error to admit into evidence the murder weapon, to which defendant led the authorities in exchange for the prosecutor's promise to recommend a reduced sentence. The agreement, made after defendant had conferred with his attorney by telephone, was not made in violation of defendant's right to counsel (cf. *People v Beam,* 57 NY2d 241), nor is there anything to suggest that the People acted in bad faith or with the intention of deceiving defendant. We have examined the other points raised on appeal and find no basis for reversal. (Appeal from judgment of Onondaga County Court, Cunningham, J. — murder, second degree.) Present — Hancock, Jr., J. P., Callahan, Denman, Boomer and Schnepp, JJ.