OPINION OF THE COURT
David O. Boehm, J.
Defendant’s prior motion to prohibit the use for any purpose, including cross-examination, of a statement impermissibly obtained from him after an arrest warrant had been issued was denied by this court (Pine, J.) on the basis of the District Attorney’s concession that it would not be used as evidence-in-chief (see People v Samuels, 49 NY2d 218). The court ruled that it could be used for purposes of impeachment, pursuant to Harris v New York (401 US 222). Defendant now makes this supplemental motion for the same relief, citing as new authority, United States v Brown (699 F2d 585).
New York State courts have consistently held that while an incriminating statement taken in violation of a defendant’s constitutional rights may not be introduced in evidence as part of the case of the prosecution, it is admissible to impeach a defendant who chooses to testify (see People v Ricco, 56 NY2d 320; People v Washington, 51 NY2d 214; *327 People v Wise, 46 NY2d 321; People v Williams, 91 AD2d 1173; People v Guidice, 83 AD2d 756; People v Caban, 79 AD2d 1031).
Frequently cited in support of this rule is Harris v New York (supra), in which the Supreme Court held that statements obtained in violation of a defendant’s Miranda rights, while inadmissible as evidence-in-chief, may nevertheless be used to impeach the credibility of a defendant as long as the statements were not coerced or otherwise involuntary (see New Jersey v Portash, 440 US 450; Mincey v Arizona, 437 US 385; see, also, People v Caban, supra, p 1032). In Harris the court announced that the constitutional shield preventing illegally seized evidence from being used against a defendant at trial cannot be “perverted into a license to use perjury by way of a defense, free from the risk of confrontation with prior inconsistent utterances” (Harris v New York, supra, p 226; see, also, United States v Havens, 446 US 620, 626; Oregon v Hass, 420 US 714, 722-723). The court reasoned that the deterrent function of the rules excluding unconstitutionally obtained evidence is sufficiently served by making such evidence unavailable to the prosecution in its direct case, and therefore the court could not justify depriving the jury of a valuable aid in assessing a defendant’s credibility on the “speculative possibility” that impermissible police conduct would be encouraged (Harris v New York, supra, p 225).
In support of his motion, the defendant cites the recent case of United States v Brown (supra). In Brown, the Second Circuit held that statements made by a defendant to an FBI agent after indictment, but shortly before arraignment, were inadmissible for impeachment purposes. In so holding the court distinguished Harris v New York (supra) on the ground that Harris involved a violation of Miranda rights, whereas Brown involved a violation of a constitutional right, the Sixth Amendment right to counsel. In making that distinction the court relied upon the Supreme Court case of New Jersey v Portash (supra) which held that a person’s immunized Grand Jury testimony could not be used to impeach his credibility as a testifying defendant in a criminal trial.
*328 In the Portash case the Supreme Court noted that in neither Harris v New York (supra) nor Oregqn v Hass (supra) had there been any claim that the statements taken in violation of Miranda were coerced or involuntary. By contrast, the court stated that testimony given in response to a grant of immunity “is the essence of coerced testimony”; therefore, any use of a person’s immunized testimony in a criminal proceeding would infringe upon the Fifth Amendment privilege against compelled self incrimination (New Jersey v Portash, supra, pp 458-459). In so holding, the court explained (p 459): “Balancing of interests was thought to be necessary in Harris and Hass when the attempt to deter unlawful police conduct collided with the need to prevent perjury. Here, by contrast, we deal with the constitutional privilege against compulsory self-incrimination in its most pristine form. Balancing, therefore, is not simply unnecessary. It is impermissible.”
In United States v Brown (supra) the Second Circuit based its distinction between statements taken in violation of Miranda rights and statements taken in violation of the constitutional , right to counsel on the above-quoted statement. The court reasoned that, because Miranda safeguards are not constitutionally compelled, it is proper to permit statements taken in violation of Miranda rights to be used for impeachment purposes, whereas such use is prohibited for statements taken in violation of the Sixth Amendment right to counsel.
However, as the People forcibly, and it would seem, correctly, argue, statements which are involuntary because of physical or psychological coercion (Mincey v Arizona, supra), or because of the threat of a contempt conviction (New Jersey v Portash, supra), are not involuntary in the same way or in the same sense as statements taken in violation of the right to counsel because, they were taken after indictment or, as here, after a felony complaint was filed. The considerations which make a compelled statement inadmissible for any purpose, including cross-examination, are simply not applicable in this context and do not make the defendant’s statement “involuntary” in the classic sense (see Culombe v Connecticut, 367 US 568; Reck v *329 Pate, 367 US 433; Ashcraft v Tennessee, 322 US 143; Brown v Mississippi, 297 US 278).
It is doubtful that the Portash decision should be read as broadly as the Second Circuit suggests in Brown (699 F2d 585, supra). The focus of the Supreme Court in Portash appears to be on the involuntary nature of the statement, rather than whether a constitutional right was violated (see People v Caban, supra, p 1032). The subsequent decision in United States v Havens (446 US 620), in which the Supreme Court held that evidence suppressed as a result of an unlawful search and seizure may be used to impeach a defendant’s trial testimony, casts further doubt upon the interpretation given Portash by the court in Brown (see, also, Walder v United States, 347 US 62).
Although recognizing that the Second Circuit’s decision in Brown is to the contrary, this court is not bound thereby (People v Joseph, 85 AD2d 546), particularly when no persuasive reason has been advanced which would compel it to deviate from decisions of New York State courts permitting the use of statements obtained in violation of a defendant’s right to counsel for impeachment purposes (see, e.g., People v Ricco, 56 NY2d 320, supra; People v Williams, 91 AD2d 1173, supra).
Defendant’s motion is, accordingly, denied.