OPINION OF THE COURT
Simons, J.
Defendant appeals from a judgment convicting him of felony murder and first degree robbery. The charges arose out of the 1972 entry into the Suffolk County home of Jerry LoBasso, a *139 reputed bookmaker, during which LoBasso was killed, his wife injured and jewels and cash belonging to them were stolen. This is the second time the case has been before us (see 46 NY2d 289). We reversed the prior conviction because the court improperly admitted prejudicial hearsay evidence and testimony relating to defendant’s oral statements to a jail guard, Lieutenant Cannatella, statements which had been elicited from defendant in violation of his right to counsel (see People v Hobson, 39 NY2d 479). At the second trial, the People relied primarily on a written confession defendant made to the police after his arrest, a confession which defendant testified was not voluntary but the product of physical abuse and coercion. To rebut that claim the People offered evidence that defendant had subsequently confirmed his complicity in the crime in two later oral statements obtained in violation of his right to counsel but which involved neither physical abuse nor coercion. It is the admissibility of that rebuttal evidence and defendant’s effort to impeach his own witness with respect to it (see CPL 60.35) which provide the substance of this appeal. Finding no error in the courts’ rulings, we affirm the judgment.
Defendant and codefendants Anthony Franciotti and Robert Ragonese were arrested for the LoBasso crimes on February 14, 1973. The night defendant was arrested, he signed a three-page confession in which he stated that he and Ragonese entered the LoBasso house while Franciotti remained in the car. He admitted accidentally wounding Mrs. LoBasso while he was there and stealing property from her home. He also stated that while he was locating jewelry and cash and placing it in a sack, he heard a gunshot in another room and that when he later left the house with Ragonese he saw Mr. LoBasso on the floor. Defendant took the stand in his own defense and alleged that his written confession was false and that he signed it only after being subjected to repeated threats and beatings. On cross-examination, defendant admitted that Suffolk County officials had subsequently met with, him on March 3, 1973, but he specifically denied making oral statements to them at that time admitting his participation in the crime. Specifically, he denied making any such statement to Lieutenant Cannatella or, later the same day, to Detective Gill of the Suffolk County Police Department and Patrick Henry, who was an Assistant District Attorney of Suffolk County at the time. In rebuttal Cannatella, Gill and Henry testified that they had met with defendant at his request on March 3, 1973 and that he had made the inculpatory statements. The court permitted the testimony but instructed the *140 jury that it was to be considered only on the issue of defendant’s credibility.
Defendant asserts that it was. error to permit this rebuttal evidence because the statements were obtained in violation of his right to counsel. Indeed, we so held with respect to the statement to Cannatella in our prior decision (see 46 NY2d 289, 301) and although we had no occasion at that time to consider the admissibility of the similar statement to Henry and Gill since neither testified at the first trial, the People did not attempt to use it in their direct case and do not dispute that :it was also obtained in violation of defendant’s right to counsel .
I
In Harris v New York (401 US 222) and Oregon v Hass (420 US 714), the United States Supreme Court held that a statement obtained in violation of any aspect of a defendant’s Miranda rights, although not admissible as evidence-in-chief, may be used to impeach a defendant who chooses to take the stand and whose testimony is inconsistent with his illegally obtained statement. We have permitted the use of illegally obtained evidence for that purpose also (see People v Ricco, 56 NY2d 320, 326; People v Washington, 51 NY2d 214, 220; People v Wise, 46 NY2d 321, 324; People v Harris, 25 NY2d 175,177, affd 401 US 222; People v Kulis, 18 NY2d 318,322-323). Our rule permits the use for impeachment not only of statements obtained in violation of a defendant’s Miranda rights (see People v Washington, supra; People v Wise, supra; People v Harris, supra), but also of those obtained in violation of his right to counsel under the State Constitution (see People v Ricco, supra; People v Kulis, supra). There is some authority holding that a statement obtained in violation of the defendant’s Federal constitutional right to counsel is not admissible for impeachment purposes (see United States v Brown, 699 F2d 585; but cf. People v Monaghan, 118 Misc 2d 326), but admissibility rests not on whether a constitutional right is implicated but on a determination of voluntariness (see United States v Havens, 446 US 620). If the statement was voluntary, it may be used to impeach; if it was not, it may not be admitted, even though it may be reliable (New Jersey v Portash, 440 US 450 [legal compulsion]; Mincey v Arizona, 437 US 385 [physical duress]; People v Washington, 51 NY2d 214, supra). Inasmuch as defendant does not contend that his March 3 statements were involuntary, they were admissible for impeachment purposes.
Nor do we believe any distinction should be made because defendant’s inconsistent trial testimony was elicited on cross- *141 examination rather than on direct examination. Central to the Supreme Court’s holding in Havens that “a defendant’s statements made in response to proper cross-examination * * * are subject to otherwise proper impeachment by * * * evidence that has been illegally obtained” (446 US, supra, at pp 627-628) was its conclusion that there is “no difference of constitutional magnitude between the defendant’s statements on direct examination and his answers to questions put to him on cross-examination that are plainly within the scope of the defendant’s direct examination” (id., at p 627).
n
Defendant also asserts that the trial court erred when it refused to admit into evidence an affidavit he offered for the purpose of impeaching his own witness (see CPL 60.35, subd 1). The offer was made when Assistant District Attorney Sullivan, prosecutor in defendant’s first trial, was testifying during the People’s rebuttal concerning two postconviction meetings he had had with defendant in December, 1973 and January, 1974. Defendant had been tried separately and after the conviction Sullivan had offered him a recommendation of leniency if he would aid the prosecution with the case against his two codefendants. While cross-examining Sullivan, defense counsel inquired about an affidavit Sullivan had executed March 21,1973 and submitted to the court during pretrial proceedings. Because this line of questioning went beyond the scope of the District Attorney’s examination of Sullivan about his posttrial meetings with defendant, defense counsel agreed to take Sullivan as her own witness and to be bound by the rules governing direct examination. Thereafter, in response to defense counsel’s questions, Sullivan denied that he had stated in his March 21 affidavit that no one had spoken to defendant about the LoBasso case or that defendant had not mentioned it during the March 3 meetings with Cannatella and with Gill and Henry. In fact the statement in the March 21 affidavit was that then Assistant District Attorney Henry had gone to the jail at defendant’s request (apparently because defendant wished to plea bargain) to speak with him about crimes other than those on which he had been indicted. The court refused to permit the affidavit to be received to impeach Sullivan’s trial testimony.
CPL 60.35 (subd 1) allows a party in a criminal proceeding to impeach his own witness with a prior inconsistent statement, signed and in writing, when that witness “gives testimony upon a material issue of the case which tends to disprove the position of such party”. Although we have previously discussed the *142 meaning of the phrase “tends to disprove the position of such party” (see People v Fitzpatrick, 40 NY2d-44), we have not had occasion to consider what constitutes a “material issue” of the case within the meaning of the statutory provision. It is clear in this case that Sullivan’s rebuttal testimony and defendant’s subsequent cross-examination of him, turned direct examination, did not relate to a material issue and that the trial court properly refused to receive Sullivan’s March 21 affidavit for impeachment purposes.
The material issue before the jury was whether defendant’s written confession on the night he was arrested was voluntary. Not only was the People’s case built around it, but the defense focused almost exclusively on attempting to nullify the confession by demonstrating that defendant was coerced into making it. The prosecution’s rebuttal evidence put in issue whether defendant had made similar oral statements only two weeks later on March 3. Sullivan’s affidavit, however, and the testimony elicited from him by defense counsel on direct examination concerned only whether Sullivan had stated in his affidavit that this case was discussed at the March 3 meetings, and not whether defendant had made inculpatory oral statements at them. If Sullivan had testified, as had Cannatella, Gill and Henry, that on March 3 defendant had implicated himself in the crime, and his affidavit was inconsistent with that testimony, it might well have been admissible to impeach his testimony on a material issue. On the record, however, Sullivan’s testimony was not only irrelevant to the issue whether defendant inculpated himself on March 3, but it had no bearing on the principal issue in the case, whether his February 14 written confession was voluntary. Moreover the Sullivan affidavit was not admissible to impeach the trial testimony of Cannatella, Gill and Henry, as defendant impliedly was attempting to do, since they were not defendant’s witnesses and the affidavit was not their signed writing as the statute requires (see CPL 60.35, subd 1; see, also, People v Dackowski, 50 NY2d 962, 963).
We have considered defendant’s remaining contentions and find them without merit.
Accordingly, the order of the Appellate Division should be affirmed.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer and Kaye concur.
Order affirmed.