■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REXFORD MOSHIER, Appellant.—Appeal by the defendant from two judgments of the County Court, Orange County (Collabella, J.), both rendered March 24, 1989, convicting him of murder in the second degree under Indictment No. 352/82 and assault in the first degree and attempted robbery in the first degree under Indictment No. 353/82, upon jury verdicts, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant shot a man in the hand and face and killed another during an attempted robbery. After his arrest, the defendant made a written statement to an investigator with the District Attorney's office which was inconsistent with his testimony at the trial. The statement was suppressed prior to trial because the hearing court found that it was obtained in violation of the defendant's right to counsel. It was, however, used at the trial to impeach the defendant's credibility on cross-examination. Moreover, on rebuttal, the investigator was called as a witness and the statement was introduced into evidence, over the defendant's objection, and viewed by the jury. The defendant contends that the trial court erred in permitting the statement to be admitted into evidence and viewed by the jury.

It is well settled that statements obtained in violation of the defendant's right to counsel, although not admissible as evidence-in-chief, may be used for impeachment purposes, should the defendant choose to testify. They are admissible as prior inconsistent statements and, as such, may be the subject of both cross-examination of the defendant and rebuttal testimony, after a proper foundation has been laid *(see, Harris v New York,* 401 US 222; *People v Maerling,* 64 NY2d 134; Richardson, Evidence § 502 [Prince 10th ed]).

The trial court did not err in admitting into evidence the defendant's prior inconsistent statement made to an investigator with the District Attorney's office. On cross-examination, the defendant was informed of the circumstances surrounding the making of the statement and asked whether he, in fact, made it. The statement was also shown to the defendant, although it was not marked for identification at that time. Thus, the defendant was given an opportunity to correct his testimony or to explain the apparent inconsistencies. When the defendant denied that the investigator had accurately transcribed the statement, a proper foundation was laid for its admission into evidence during the rebuttal testimony of the investigator (see, Richardson, Evidence § 502 [Prince 10th ed]).

We have considered the defendant's remaining contentions and find them to be unpreserved for appellate review (see, CPL 470.05 [2]) or without merit. Bracken, J. P., Lawrence, Eiber and Santucci, JJ., concur.