■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN SEASE, Appellant. [666 NYS2d 443] —Appeal by the defendant from a judgment of the County Court, Westchester County (LaCava, J.), rendered September 1, 1996, convicting him of robbery in the first degree, robbery in the second degree, and robbery in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress lineup identification testimony.

Ordered that the judgment is modified, on the law, by reversing the conviction for robbery in the third degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

Robbery in the third degree is a lesser-included offense of robbery in the first degree (*see,* Penal Law §§ 160.05, 160.15). Therefore, the conviction of robbery in the third degree is reversed and that count of the indictment is dismissed (*see,* CPL 300.40 [3] [b]; *People v Gethers,* 212 AD2d 544; *People v Florentino,* 196 AD2d 881, 882).

The hearing court properly denied that branch of the defendant's omnibus motion which was to suppress the lineup identification testimony. The hearing testimony established that, prior to the lineups for the instant charges, the defendant's arraignment in New York County on unrelated charges

was delayed to facilitate lineups in an ongoing investigation of 18 cases (*see, People v Zanders,* 241 AD2d 531; *People v Lopez,* 185 AD2d 285, 286; *People v Quartieri,* 171 AD2d 889, 890-891; *People v Barker,* 168 AD2d 211; *People v Horn,* 161 AD2d 603; *see also, Kirby v Illinois,* 406 US 682, 689; *Holmes v Scully,* 706 F Supp 195; *People v Hernandez,* 70 NY2d 833; *People v Hawkins,* 55 NY2d 474, 485, *cert denied* 459 US 846).

Statements obtained in violation of a defendant's right to counsel, although not admissible as evidence-in-chief, may be used for impeachment purposes should the defendant choose to testify (*see, Harris v New York,* 401 US 222, 224; *People v Maerling,* 64 NY2d 134; *People v Ricco,* 56 NY2d 320, 323, 325-326; *People v Washington,* 51 NY2d 214, 219-220; *People v Moshier,* 181 AD2d 800, 801; *People v Masullo,* 158 AD2d 548, 549; *People v Chrzanowski,* 147 AD2d 652, 653; *People v Cartagena,* 128 AD2d 797, 798; *People v Wendel,* 123 AD2d 410). At bar, the defendant's second inculpatory statement was properly admitted as a prior inconsistent statement and was properly the subject of rebuttal testimony (*see, Harris v New York, supra; People v Maerling, supra; People v Moshier, supra*).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Miller, J. P., Pizzuto, Goldstein and Florio, JJ., concur.