■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN SEASE, Appellant. [696 NYS2d 430] —Judgment, Supreme Court, New York County (Herbert Altman, J.), rendered May 15, 1997, convicting defendant, after a jury trial, of two counts of robbery in the first degree and two counts of robbery in the second degree, and sentencing him, as a second violent felony offender, to two consecutive terms of 12½ to 25 years to run concurrently with two terms of 7½ to 15 years, unanimously affirmed.

The court properly denied defendant's motion to suppress the lineup identification testimony. The record supports the court's finding that defendant's arraignment was delayed solely so that the numerous witnesses from multiple robberies in at least two counties could view defendant in a lineup, and not to gain an unfair advantage (*see, People v Sease,* 245 AD2d 396, *lv denied* 91 NY2d 945). Moreover, the delay was not excessive given the normal delays occasioned by the arraignment process (*see, People ex rel. Maxian v Brown,* 77 NY2d 422).

The court balanced the appropriate factors and properly exercised its discretion in fashioning its *Sandoval* ruling, which permitted limited inquiry into defendant's prior robbery convictions (*see, People v Walker,* 83 NY2d 455, 459). The robbery convictions were highly relevant to defendant's credibility, notwithstanding their similarity to the present charges (*see, People v Pavao,* 59 NY2d 282, 292). Moreover, inquiry into the underlying facts of these convictions and the sentences imposed thereon was precluded.

The imposition of an adverse inference instruction was a sufficient sanction for the loss of *Rosario* material consisting of a detective's notebook, and the court properly exercised its discretion in denying defendant's request for preclusion of his written confession (*see, People v Valentine,* 160 AD2d 325, 326, *lv denied* 76 NY2d 797). The detective testified that he used the

notebook for the sole purpose of writing down names of defendant's accomplices, and defendant has not established that the notebook would have had such significant impeachment value on the issue of the voluntariness of his written confession that the confession should have been precluded. We further find that the adverse inference instruction conveyed to the jury the proper standards.

Defendant's application pursuant to *Batson v Kentucky* (476 US 79) was properly denied. The prosecutor offered facially neutral reasons for exercising peremptory challenges against female prospective jurors, and the trial court's determination that they were not pretextual is entitled to great deference (*see, People v Wint*, 237 AD2d 195, *lv denied* 89 NY2d 1103).

Defendant failed to preserve his claim that the cooperation agreement pursuant to which one of defendant's accomplices testified violated Penal Law § 215.00, the witness bribery statute, and we decline to review it in the interest of justice. Were we to review this claim, we would find that Penal Law § 215.00 was not intended to apply to lenient treatment afforded a cooperating witness (*see, United States v Singleton*, 165 F3d 1297, *cert denied* 527 US 1025). Defendant's challenge to the jury charge on accomplice testimony is likewise unpreserved for review and we decline to review it in the interest of justice. Were we to review this claim, we would find that the charge correctly stated the law. Concur—Sullivan, J. P., Nardelli, Wallach, Andrias and Buckley, JJ.