■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CECILY McMILLAN, Appellant. [58 NYS3d 317]—

Judgment, Supreme Court, New York County (Ronald A. Zweibel, J.), rendered May 19, 2014, convicting defendant, after a jury trial, of assault in the second degree, and sentencing her to a term of three months, concurrent with five years' probation, unanimously affirmed.

The court properly mitigated any error in denying defendant's request for a missing witness charge as to an unidentified police officer with whom defendant interacted immediately before the incident by allowing defense counsel to raise the argument extensively in summation.

When defendant sought to question the injured police officer

about alleged prior acts of misconduct, the court, which had legitimate concerns about whether the allegations were raised in good faith, providently exercised its discretion when it ordered a preliminary inquiry outside the presence of the jury concerning these allegations. Defendant effectively abandoned the request (*see People v Graves*, 85 NY2d 1024, 1027 [1995]) by declining to take this opportunity, which, based on information elicited in such an inquiry, could have resulted in a more favorable ruling regarding the prospective scope of cross-examination. The record does not support defendant's assertion that the court made a final ruling precluding inquiry into these matters.

We have considered defendant's other challenges to the court's evidentiary rulings and find them unavailing.

By failing to object, or by making general objections, defendant failed to preserve any of her challenges to the People's summation, and we decline to review them in the interest of justice. "The word 'objection' alone [is] insufficient to preserve [an] issue" for review as a question of law (*People v Tevaha*, 84 NY2d 879, 881 [1994]). As an alternative holding, we find no basis for reversal (*see People v Overlee*, 236 AD2d 133 [1st Dept 1997], *lv denied* 91 NY2d 976 [1998]). Any improprieties in the challenged remarks were not so egregious as to deprive defendant of a fair trial (*see People v D'Alessandro*, 184 AD2d 114 [1st Dept 1992], *lv denied* 81 NY2d 884 [1993]).

Moreover, any errors involving the summation, or any of the other issues on appeal, were harmless in light of the overwhelming evidence of guilt (*see People v Crimmins*, 36 NY2d 230 [1975]), including a videotape of the incident, which supported the victim's rather than defendant's account. Concur— Friedman, J.P., Renwick, Manzanet-Daniels, Kapnick and Gesmer, JJ.