People v Hayes (2019 NY Slip Op 02996)





People v Hayes


2019 NY Slip Op 02996


Decided on April 23, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 23, 2019

Renwick, J.P., Gische, Webber, Singh, JJ.


9063 3032/14

[*1]The People of the State of New York, Respondent,
v
Leroy Hayes, Defendant-Appellant.


Paul, Weiss, Rifkind, Wharton & Garrison LLP, New York (David Giller of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Eric Del Pozo of counsel), for respondent.



Judgment, Supreme Court, New York County (Laura A. Ward, J.), rendered January 24, 2017, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and resisting arrest, and sentencing him, as a second felony drug offender previously convicted of a violent felony, to an aggregate term of 6 years, unanimously affirmed.
The court providently exercised its discretion when it denied defendant's eve-of-trial request for new counsel and defense counsel's request to be relieved. "The court gave defendant ample opportunity to air his grievances against counsel, and this constituted a suitable inquiry, given the lack of substance of those complaints" (People v Colon, 145 AD3d 562 [1st Dept 2016], lv denied 29 NY3d 947 [2017]; see also People v Nelson, 7 NY3d 883, 884 [2006]).
Defendant abandoned his request to impeach "police witnesses by (unspecified) allegations contained in lawsuits against them" (People v Johnson, 159 AD3d 474, 475 [1st Dept 2018], lv denied 31 NY3d 1083 [2018]), because counsel did not avail himself of the opportunity to provide specific allegations or explain why questions should have been allowed (see People v McMillan, 151 AD3d 591, 592 [1st Dept 2017], 30 NY3d 951 [2017]). We decline to review this claim in the interest of justice.
Defendant did not preserve his claim that the content of his direct testimony did not warrant impeachment by way of a statement to the police that the prosecutor had agreed not to use except on cross-examination, or his claim that he was entitled to a hearing on the voluntariness of the statement, as promised, before being impeached by it. Defendant made no objection at all on the first ground, and raised the second ground only by way of a belated mistrial motion after he had already been impeached by the statement and after the prosecutor had introduced the statement on rebuttal. We decline to review these claims in the interest of justice. As an alternative holding, we find no basis for reversal. The statement was proper impeachment (see People v Johnson, 27 NY2d 119, 123 [1970]), and, after defendant's untimely complaint, the court ultimately conducted a fair hearing on voluntariness. Furthermore, the record supports the court's finding that the statement was voluntarily made, so as to permit its use for impeachment purposes notwithstanding the lack of Miranda warnings (see Harris v New [*2]York, 401 US 222 [1971]; People v Maerling, 64 NY2d 134, 140 [1984]). Finally, any error regarding the statement was harmless (see People v Crimmins, 36 NY2d 230 [1975]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 23, 2019
CLERK