People v Brown (2025 NY Slip Op 50381(U))

[*1]

People v Brown

2025 NY Slip Op 50381(U)

Decided on March 26, 2025

Criminal Court Of The City Of New York, New York County

Coleman, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 26, 2025
Criminal Court of the City of New York, New York County

The People of the State of New York, Plaintiff,

against
Stephen Brown, Defendant.

CR-037335-24NY

Alvin L. Bragg, Jr., District Attorney, New York County (Alana Farkas of counsel), for plaintiff. 
Neighborhood Defender Service of Harlem, New York City (Jamie M. Jenkins of counsel), for defendant. 

Ilona B. Coleman, J.

Mr. Brown moves to suppress a noticed statement as involuntary and as the fruit of an unlawful arrest (People v Huntley, 15 NY2d 72 [1965]; Dunaway v New York, 442 US 200 [1979]); for a voluntariness hearing regarding any statements the People intend to use for impeachment purposes (Harris v New York, 401 US 222 [1971]; People v Maerling, 64 NY2d 134 [1984]); and to preclude the People from introducing evidence of prior bad acts at trial (People v Sandoval, 34 NY2d 371 [1974]; People v Molineux, 168 NY 264 [1901]). The People oppose. 
First, the motion to suppress the noticed statement is granted to the extent that a Huntley/Dunaway hearing will be conducted before trial. The parties' allegations create a factual dispute that must be resolved at an evidentiary hearing (see CPL 710.60 [4]).
The motion for a voluntariness hearing is denied with leave to renew (see CPL 710.60 [3]; CPL 710.20). The People have not indicated whether they intend to use any unnoticed statement or statements on cross-examination, and Mr. Brown has not challenged any specific unnoticed statement as involuntary. The People are directed to notify Mr. Brown as soon as practicable upon deciding to use any unnoticed statement for impeachment or rebuttal purposes, and Mr. Brown is granted leave to renew his motion to suppress upon receiving such notification (see CPL 710.40 [2], [4]).
Finally, the motion to preclude evidence of prior bad acts is referred to the trial court. The People are directed to provide supplemental discovery to the defense as soon as practicable and at least fifteen calendar days prior to the first scheduled trial date (CPL 245.20 [3]; CPL 245.10 [1] [b]). 
This constitutes the decision and order of this court.
Dated: March 26, 2025
New York, NY
Ilona B. Coleman, J.C.C.