People v Jeffrey (2025 NY Slip Op 50904(U))

[*1]

People v Jeffrey

2025 NY Slip Op 50904(U)

Decided on June 3, 2025

Criminal Court Of The City Of New York, New York County

Coleman, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 3, 2025
Criminal Court of the City of New York, New York County

The People of the State of New York, Plaintiff,

against
Ranieya Jeffrey, Defendant.

CR-029458-24NY

Alvin L. Bragg, Jr., District Attorney, New York County (Alexander Bruno of counsel), for plaintiff. 
The Legal Aid Society, New York City (Lila Carpenter of counsel), for defendant.

Ilona B. Coleman, J.

By omnibus motion, the defendant requests an order suppressing all fruits of an allegedly illegal search and seizure, including physical evidence, a noticed statement, and identification evidence (Mapp v Ohio, 367 U.S. 643 [1961]; Dunaway v New York, 442 US 200 [1979]; People v Huntley, 15 NY2d 72 [1965]; U.S. v Wade, 388 U.S. 218 [1967]); suppressing statements the People intend to use for impeachment purposes (Harris v New York, 401 US 222 [1971]; People v Maerling, 64 NY2d 134 [1984]); directing the People to comply with a request for a bill of particulars (CPL 200.95 [5]); directing supplemental discovery procedures (CPL 245.35 [3], 245.55 [2], 245.55 [3]); and precluding the People from introducing evidence of prior bad acts at trial (People v Sandoval, 34 NY2d 371 [1974]; People v Molineux, 168 NY 264 [1901]). The People oppose.
The motion to suppress is granted to the extent that a Mappi>/Huntley/Dunaway/Wade hearing will be conducted before trial. The parties' allegations create factual disputes that must be resolved at an evidentiary hearing (see CPL 710.60 [4]).
The motion to suppress unnoticed statements is denied with leave to renew because the defendant has not challenged any specific unnoticed statement as involuntary (see CPL 710.60 [3]; CPL 710.20). The People are directed to notify the defense as soon as practicable upon deciding to use any statement for impeachment or rebuttal purposes, and the defendant is granted leave to renew this motion upon receiving such notification (see CPL 710.40 [2], [4]).
The request for a bill of particulars is denied. The People filed a bill of particulars on December 30, 2024, as part of their automatic disclosure form. That document and the criminal complaint contain all the information the defendant has demanded that is authorized to be included in a bill of particulars (CPL 200.95 [5]). 
The motion for a supplemental discovery order is denied. A criminal court judge already rejected the defendant's earlier challenge to the People's certificate of compliance (People v Jeffrey, Crim Ct, NY County, April 28, 2025, Brown, J., CR-029458-24NY), and the defendant has provided no reason why supplemental discovery procedures would be appropriate here. The purpose of CPL § 245.35 is "[t]o facilitate compliance with [article 245], and to reduce or [*2]streamline litigation of any disputes." Where the People have already complied with their discovery obligations and there are no discovery disputes remaining, the defendant's proposed discovery orders would not serve these purposes. Of course, the People have a continuing duty to disclose and are required as a matter of due process to investigate and turn over all materials favorable to the defense, especially where the defense has made a specific request (CPL 245.60, People v Vilardi, 76 NY2d 67, 77 [1990]). The defendant, however, has not demonstrated that court intervention is necessary to ensure the People's compliance with those obligations.
Finally, the motion to preclude evidence of prior bad acts is referred to the trial court. The People are directed to provide supplemental discovery to the defense as soon as practicable and at least fifteen calendar days prior to the first scheduled trial date (CPL 245.20 [3]; CPL 245.10 [1] [b]).
This constitutes the decision and order of the court.
Dated: June 3, 2025
New York, NY
Ilona B. Coleman, J.C.C.