People v Sierra (2025 NY Slip Op 50923(U))

[*1]

People v Sierra

2025 NY Slip Op 50923(U)

Decided on June 6, 2025

Criminal Court Of The City Of New York, New York County

Coleman, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 6, 2025
Criminal Court of the City of New York, New York County

The People of the State of New York, Plaintiff,

against
Miriam Sierra, Defendant.

CR-002385-25NY

Alvin L. Bragg, Jr., District Attorney, New York County (Liana Linaldi of counsel), for plaintiff. 
Neighborhood Defender Service of Harlem, New York City (Zachary Orr Wechsler of counsel), for defendant.

Ilona B. Coleman, J.

By omnibus motion, the defendant requests an order suppressing all fruits of an allegedly illegal search and seizure, including physical evidence and a noticed statement (Mapp v Ohio, 367 U.S. 643 [1961]; Dunaway v New York, 442 US 200 [1979]; People v Huntley, 15 NY2d 72 [1965]; suppressing statements the People intend to use for impeachment purposes (Harris v New York, 401 US 222 [1971]; People v Maerling, 64 NY2d 134 [1984]); directing supplemental discovery procedures (CPL 245.35 [3], 245.55 [2]); and precluding the People from introducing evidence of prior bad acts at trial (People v Sandoval, 34 NY2d 371 [1974]; People v Molineux, 168 NY 264 [1901]). The People oppose.
The motion to suppress is granted to the extent that a Mappi>/Huntley/Dunaway hearing will be conducted before trial. The defendant alleges a set of facts that, if true, would entitle her to suppression, and the People in opposition claim that "the defendant mischaracterizes the circumstances of arrest" and allege different facts. The parties have thus raised factual disputes that must be resolved at an evidentiary hearing (see CPL 710.60 [4]).
The motion to suppress unnoticed statements is denied with leave to renew because the defendant has not challenged any specific unnoticed statement as involuntary (see CPL 710.60 [3]; CPL 710.20). The People are directed to notify the defense as soon as practicable upon deciding to use any statement for impeachment or rebuttal purposes, and the defendant is granted leave to renew this motion upon receiving such notification (see CPL 710.40 [2], [4]).
The motion for a supplemental discovery order is denied. CPL § 245.35 permits the court to order supplemental discovery procedures "[t]o facilitate compliance with [article 245], and to reduce or streamline litigation of any disputes," but the defendant does not allege that there are any remaining discovery disputes or that the People have failed to comply with their obligations. A supplemental discovery order under these circumstances would not serve the [*2]purposes of the statute. Of course, the People have a continuing duty to disclose and are required as a matter of due process to investigate and turn over all materials favorable to the defense, especially where the defense has made a specific request (CPL 245.60, People v Vilardi, 76 NY2d 67, 77 [1990]). The defendant, however, has not demonstrated that court intervention is necessary to ensure the People's compliance with those obligations.
Finally, the motion to preclude evidence of prior bad acts is referred to the trial court. The People are directed to provide supplemental discovery to the defense as soon as practicable (CPL 245.20 [3]; CPL 245.10 [1] [b] [requiring disclosure "as soon as practicable but not later than fifteen calendar days prior to the first scheduled trial date"] [emphasis added]).
This constitutes the decision and order of the court.
Dated: June 6, 2025
New York, NY
Ilona B. Coleman, J.C.C.