People v Rodriguez (2025 NY Slip Op 51370(U))

[*1]

People v Rodriguez

2025 NY Slip Op 51370(U)

Decided on September 2, 2025

Criminal Court Of The City Of New York, New York County

Coleman, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 2, 2025
Criminal Court of the City of New York, New York County

The People of the State of New York, Plaintiff,

against
Hector Rodriguez, Defendant.

CR-007596-25NY

Alvin L. Bragg, Jr., District Attorney, New York County (Jill Hoexter of counsel), for plaintiff. 
The Legal Aid Society, New York City (Dionysia Quizon of counsel), for defendant.

Ilona B. Coleman, J.

By omnibus motion, the defendant requests an order suppressing all fruits of an allegedly illegal search and seizure, including a noticed statement and police observations (Dunaway v New York, 442 US 200 [1979]; People v Huntley, 15 NY2d 72 [1965]; People v Ingle, 36 NY2d 413, 419 [1975]); suppressing statements the People intend to use for impeachment purposes (Harris v New York, 401 US 222 [1971]; People v Maerling, 64 NY2d 134 [1984]); directing the People to comply with a demand for a bill of particulars (CPL 200.95 [5]); directing supplemental discovery procedures (CPL 245.35 [3], 245.55 [2], 245.55 [3]); and precluding the People from introducing evidence of prior bad acts at trial (People v Sandoval, 34 NY2d 371 [1974]; People v Molineux, 168 NY 264 [1901]). The People oppose.
The motion to suppress is granted to the extent that a Huntleyi>/Dunaway/Ingle hearing will be conducted before trial (see CPL 710.60 [4]). The defendant's arguments about the scope of suppression are referred to the trial court. The combined hearing will be conducted prior to trial, and the matter of any adjournment following the hearing is left to the trial court (See People v Peacock, 31 NY2d 907 [1972]).
The motions to suppress or preclude unnoticed statements are denied with leave to renew because the defendant has not challenged any specific unnoticed statements (see CPL 710.60 [3]; CPL 710.20). The People are directed to notify the defense as soon as practicable upon deciding to use any additional statements, and the defendant is granted leave to renew upon receiving such notification (see CPL 710.40 [2], [4]).
The request for a bill of particulars is denied. The People filed a bill of particulars as part of their automatic disclosure form. That document and the accusatory instrument contain all the information that has been demanded is authorized in a bill of particulars (CPL 200.95 [5]). 
The motion for a supplemental discovery order is denied. The purpose of CPL § 245.35 is "[t]o facilitate compliance with [article 245], and to reduce or streamline litigation of any disputes." Where, as here, the People have filed a COC and there are no discovery disputes before the court, the defendant's proposed discovery order would not serve these purposes. Of course, the People have a continuing duty to disclose and are required as a matter of due process [*2]to investigate and turn over all materials favorable to the defense, especially where the defense has made a specific request. The defendant, however, has not demonstrated that court intervention is necessary to ensure the People's compliance with those obligations. 
Finally, the motion to preclude evidence of prior bad acts is referred to the trial court. The People are directed to provide supplemental discovery to the defense as soon as practicable and at least fifteen calendar days prior to the next trial date (CPL 245.20 [3]; CPL 245.10 [1] [b]). 
This constitutes the decision and order of the court.
Dated: September 2, 2025
New York, NY
Ilona B. Coleman, J.C.C.